**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180563-U

Order filed November 25, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0563 Circuit No. 17-CF-1 |
| | ) | |
| AUDRA THOMAS PAYTON, | ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE LYTTON delivered the judgment of the court.
Justices Carter and Schmidt concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  Officers had a reasonable, articulable suspicion of criminal activity to justify stopping defendant and developed probable cause to arrest defendant when he refused to follow an officer's lawful command to stop.

¶ 2     Defendant, Audra Thomas Payton, appeals the Peoria County circuit court's denial of his motion to suppress evidence.  Defendant contends that he was illegally seized and arrested because the facts known to the officers at the time he was stopped were insufficient to establish a reasonable, articulable suspicion of criminal activity.  We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        The State charged defendant with unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2016)). He moved to suppress evidence, arguing that his detention and arrest were illegal.

¶ 5        At the hearing on defendant's motion, Officer Devassi Washington testified that he responded to a call from a female who reported that a male would not leave her residence at 2407 Delaware Street. Washington did not provide the female caller's name but testified the caller was not anonymous, was a named individual, and her name had appeared on the monitor in his squad car. The caller then indicated the male was with a female juvenile and had left her house and was traveling southbound in the alley. Washington testified that this information suggested that the offense of trespassing had been committed.

¶ 6        Washington further testified that while responding to the call he observed defendant walking with a female juvenile southbound from an alley near the caller's residence. Washington exited his squad car, identified himself as a police officer, and told defendant to stop and that he needed to speak with him. Defendant refused to stop and continued walking away. Washington tried to take defendant into custody, but defendant resisted. Washington, with the help of other officers, handcuffed defendant, then searched him and put him in the back of the squad car. Subsequently, another officer searched defendant and found a gun.

¶ 7        Defendant testified that at the time of the incident he lived at 2407 Delaware Street with his girlfriend, their children, and his girlfriend's mother. They rented the home and defendant, his girlfriend, and her mother all paid rent and were on the lease. He stated that prior to encountering the officers, he had an argument with his girlfriend's mother about his niece. Following the argument, he and his niece left the house. He was then approached by the officers. Defendant

admitted refusing to stop in response to Washington's commands, but denied resisting when Washington attempted to take him into custody.

¶ 8    The circuit court denied defendant's motion. Following a stipulated bench trial, the court found defendant guilty of the charged offense. Defendant filed a motion for new trial asserting the court erred in denying his motion to suppress evidence. The court denied the motion, and defendant appeals.

¶ 9                                    II. ANALYSIS

¶ 10    Defendant argues that the officers did not have a reasonable, articulable suspicion that he committed a crime, and thus they had no lawful basis to stop him. As such, he asserts that his refusal to stop in response to the officer's command did not provide probable cause to arrest him, and therefore, the gun found during the search subsequent to his arrest should have been suppressed. We disagree. The record establishes that officers had reasonable suspicion to justify stopping defendant and they subsequently obtained probable cause to arrest him.

¶ 11    We apply a two-part standard of review to a circuit court's ruling on a motion to suppress. *People v. Luedemann*, 222 Ill. 2d 530, 542 (2006). Under this standard, we will only reverse factual findings if they are against the manifest weight of the evidence. *Id.* We review *de novo* whether suppression is warranted. *Id.*

¶ 12    We first consider whether the officers had a lawful basis to stop defendant. Pursuant to *Terry v. Ohio*, 392 U.S. 1 (1968), an officer may conduct a brief, investigatory stop of a person if the officer has a reasonable, articulable suspicion of criminal activity. *People v. Timmsen*, 2016 IL 118181, ¶ 9. Less is needed to meet the standard of reasonable suspicion than is required to establish probable cause. *People v. Thomas*, 198 Ill. 2d 103, 110 (2001). Additionally, the facts are to be viewed "from the perspective of a reasonable officer at the time that the situation

3

confronted him or her" rather than with analytical hindsight. *Id.* The "[f]acts giving rise to reasonable suspicion need not be based on personal observations by an officer" and can "be based on information that the public provides." *People v. Topor*, 2017 IL App (2d) 160119, ¶ 16. "Where a citizen informant reports criminal activity to the police, the information need possess only some indicia of reliability to justify an investigatory stop." *Id.* Factors weighing in favor of reliability include the citizen informant identifying themself and the information provided being independently corroborated. *Id.* ¶ 17.

¶ 13 We find that the officers had a reasonable, articulable suspicion that defendant had committed the offense of trespassing based on the information provided by the female caller. The caller's information had some indicia of reliability because she identified herself and the information provided was independently corroborated. Specifically, she said that defendant was leaving her house and traveling southbound down an alley with a female juvenile. When officers encountered defendant, he was with a female juvenile traveling southbound in an alley near the address provided by the caller. Moreover, defendant explicitly states in his opening brief that he is not challenging the reliability of the caller's tip on appeal.

¶ 14 Additionally, the fact that the caller said she wanted defendant to leave her house, but he was refusing to leave gave rise to a reasonable suspicion of trespass. This is so even though defendant's testimony, which was undisputed in this regard, shows he had a right to be at the house and was not trespassing because, as set forth above, the determination of whether reasonable suspicion existed must be based on the facts known to the officer at the time of the stop, rather than with analytical hindsight.

¶ 15 Next, we consider whether there was probable cause to arrest defendant after he failed to stop when commanded to do so by the officers. An individual's failure to heed an officer's lawful

4

command to stop gives rise to probable cause to arrest that individual for obstructing a peace officer. *People v. Johnson*, 408 Ill. App. 3d 107, 122 (2010). We have already determined that the officers had a reasonable suspicion to stop defendant, and therefore, their commands to stop were lawful. Defendant's failure to heed those commands gave the officers probable cause to arrest him for obstructing a peace officer. Therefore, the arrest was lawful and does not provide a basis to suppress the gun ultimately found on defendant. Based on the foregoing reasons, the circuit court properly denied defendant's motion to suppress evidence.

¶ 16                                    III. CONCLUSION

¶ 17        The judgment of the circuit court of Peoria County is affirmed.

¶ 18        Affirmed.